CITY OF COLUMBUS, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Columbus v. Pub. Util. Comm. (1980), 62 Ohio St. 2d 97.]

(No. 79-1373—Decided April 23, 1980.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Patrick M. McGrath* and *Mr. John W. Bentine,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik* and *Mr. Donn D. Rosenblum,* for appellee Public Utilities Commission.

*Mr. Roger C. Post, Mr. Thomas E. Morgan* and *Mr. Thomas J. Brown, Jr.,* for intervening appellee Columbia Gas.

*Per Curiam.* The city of Columbus herein disputes the commission's conclusion that the three-year term prescribed by Ordinance No. 1808-78 is unreasonable, but does not challenge the lawfulness of the new rates which the commission authorized. Thus, we need only determine whether the commission's conclusion as to the unreasonableness of the ordinance's three-year term is "manifestly against the weight of the evidence and * * * so clearly unsupported by the record as to show misapprehension, mistake or willful disregard of duty." *Columbus* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 103, 104; R. C. 4903.13.

There was testimony before the commission concerning the current and expected future rates of inflation, and their likely effects on utility company expenses. Additionally, the record before the commission recites that the effective date of the new rates lagged the test period by more than a year. Under these circumstances, a utility company's compensation will steadily diminish, especially during later portions of a fixed rate period. Based upon this evidence, the commission concluded, as a matter of law, that the ordinance's three-year period of fixed rates was unreasonable in length. In accordance with *Columbus* v. *Pub. Util. Comm., supra,* we must accept this conclusion.

The order of the Public Utilities Commission being neither unreasonable nor unlawful is affirmed.

*Order affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and HOLMES, JJ., concur.

LOCHER, J., concurs in the judgment.